## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**BRIAN MINTON**                                          **CIVIL ACTION**

**VERSUS**                                                    **NO.  07-4041**

**BURL CAIN**                                               **SECTION "R"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to

conduct hearings, including an evidentiary hearing if necessary, and to submit proposed

findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and

(C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon

review of the entire record, I have determined that a federal evidentiary hearing is

unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that

the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED**

**WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Brian Minton, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On January 4, 1999, Minton was charged in two bills of information in St. Tammany Parish.  In Case No. 296430, he was charged with the illegal possession of stolen things.  In Case No. 296431, he was charged with armed robbery, carjacking and two counts of second degree kidnapping.[3]

Minton's counsel pursued an insanity defense in both cases.[4]  At a lunacy hearing held May 28, 1999, the court found Minton competent to assist counsel at trial.[5]  Thereafter, on June 28, 1999, Minton entered pleas of guilty to the charges in both bills of information, against the advice of his counsel.[6]

The state trial court sentenced him on November 4, 1999, to serve 10 years in prison at hard labor for possession of stolen things in Case No. 296430.[7]  The court also sentenced him in Case No. 296431, to serve 28 years for armed robbery, 20 years for

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 2 of 2, Bill of Information, No. 296430, 1/4/99; Bill of Information, No. 296431, 1/4/99.  The latter bill of information was amended on June 28, 1999, to correct a statutory reference.

[4]St. Rec. Vol. 2 of 2, Application for Hearing to Determine Defendant's Mental Condition, 3/12/99.

[5]St. Rec. Vol. 2 of 2, Hearing Transcript, 5/28/99.

[6]St. Rec. Vol. 2 of 2, Minute Entry, No. 296430, 6/28/99; Plea Minutes, No. 296431, 6/28/99; Plea Transcript, 6/28/99.

[7]St. Rec. Vol. 2 of 2, Minute Entry, No. 296430, 11/4/99.

carjacking, and 28 years on each count of second degree kidnapping.[8]  The sentences in both cases were to be served concurrently and without benefit of parole, probation or suspension of sentence.

Minton's conviction became final five days later, on November 12, 1999, because he did not file a notice of appeal or seek reconsideration of his sentence.  See Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[9]); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period when it would otherwise be the last day of the period).[10]

More than six months lapsed before Minton did anything at all in connection with his guilty plea and sentencing.  Between May 22, 2000, and February 25, 2002, Minton filed several pleadings in the state trial court in an effort to obtain copies of certain documents and transcripts from his state court proceedings.[11]  He then did nothing

---

[8]St. Rec. Vol. 2 of 2, Sentencing Minutes, No. 296431, 11/4/99.

[9]At the time of the conviction, La. Code Crim. P. art. 914, required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal.  See State v. Counterman, 475 So.2d 336, 338 (La. 1985).  Article 914 was later amended by La. Acts 2003, No. 949, § 1, to provide for a 30 day period.

[10]Thursday, November 11, 1999, was a legal holiday, Veterans' Day.

[11]St. Rec. Vol. 2 of 2, Motion to Release Medical Records, 5/22/00; Motion for Transcript, 6/30/03; Motion to Compel, 10/27/00; Trial Court Order, 12/8/00; Motion to Show Cause, 1/9/02; Trial Court Order, 2/25/02.

further, until almost 15 months later, when on May 19, 2003, he signed a post-conviction

motion seeking an out-of-time appeal, which was filed in the state trial court on June 4,

2003.[12]  In that motion, Minton alleged that his trial counsel erred in failing to file a

notice of appeal and denied him the right to a direct appeal from his guilty plea.  The

court denied the motion without reasons on July 14, 2003.[13]

Minton's subsequent writ application to the Louisiana First Circuit Court of

Appeal was denied without reasons on October 20, 2003.  His related writ application to

the Louisiana Supreme Court was also denied without reasons on November 24, 2004.[14]

Another sixteen months of inaction ensued, until February 2, 2006, when Minton

signed an application for post-conviction relief, which was filed in the state trial court on

February 17, 2006.[15]  Minton raised the following three grounds for relief, which he

claimed were based on newly discovered evidence of his incompetence:  (1) He should

not have been allowed to enter a plea of guilty because he was not competent and the

plea could not have been knowing and voluntary.  (2) The state trial court should not

---

[12]St. Rec. Vol. 2 of 2, Motion for Out-of-Time Appeal, 6/4/03 (signed 5/19/03).

[13]St. Rec. Vol. 2 of 2, Trial Court Order, 7/14/03.

[14]St. Rec. Vol. 2 of 2, 1st Cir. Writ Application, 2003-KW-1900, 8/29/03; 1st Cir. Order, 2003-KW-1900, 10/20/03; La. S. Ct. Writ Application, 2003-KH-3296, 12/14/03 (signed 11/18/03); State ex rel. Minton v. State, 888 So.2d 223 (La. 2004); La. S. Ct. Order, 2003-KH-3296, 11/24/04.

[15]St. Rec. Vol. 2 of 2, Uniform Application for Post-Conviction Relief, 2/17/06 (notarized on 2/2/06).

have allowed the guilty plea because he was not competent at the time of the plea. (3) The state trial court was without jurisdiction to accept a guilty plea from an insane person.

The state trial court denied the application on March 6, 2006.[16] The court held that the evidence of his questionable mental health was not new, since the basis of the insanity defense was known to Minton and his counsel at the time of the plea.  The court also determined that Minton's application failed to allege a basis for relief under La. Code Crim. P. arts. 930.3 and 930.4.[17]

The Louisiana First Circuit denied Minton's subsequent writ application without reasons on May 30, 2006.[18]  The Louisiana Supreme Court denied Minton's subsequent writ application on June 1, 2007, on procedural grounds, citing La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (1995).[19]

---

[16]St. Rec. Vol. 2 of 2, Order Dismissing Petition for Post-Conviction Relief, 3/6/06.

[17]The court also commented that the application was Minton's second, apparently referring to his prior motion seeking an out-of-time appeal.

[18]St. Rec. Vol. 2 of 2, 1st Cir. Writ Application, 2006-KW-0515, 3/23/06; 1st Cir. Order, 2006-KW-0515, 5/30/06.

[19]State ex rel. Minton v. State, 957 So.2d 169 (La. 2007); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2006-KH-2312, 6/1/07.  At the time of Minton's conviction, La. Code Crim. P. art. 930.8 provided a two year period for a defendant to file for post-conviction relief in the state courts.  In Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under Article 930.8, even if the lower court addressed the merits or did not consider timeliness.

II.     FEDERAL HABEAS PETITION

Minton filed a petition for federal habeas corpus relief in this court on August 9, 2007, in which he raised three grounds for relief:[20] (1) The guilty plea was unlawfully induced or not voluntary because he was not competent at the time of the plea. (2) The guilty plea was unlawfully induced or not voluntary because he was incompetent at the time the crime was committed. (3) The plea was unlawfully induced or not voluntary because the state trial court was without jurisdiction to accept a guilty plea from an insane person.

The State filed a response in opposition to the petition, alleging that Minton's federal petition was not timely filed and that the claims were otherwise without merit.[21] Minton filed a reply to the State's opposition, arguing that his petition should be considered timely because his state post-conviction claims were based on new evidence and that his claims have merit.[22]

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[20]Rec. Doc. No. 1.

[21]Rec. Doc. No. 9.

[22]Rec. Doc. No. 11.

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[23] and

applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore

applies to Minton's petition, which, for reasons discussed below, is deemed filed in this

court on August 1, 2007.[24]

The threshold questions in habeas review under the amended statute are whether

the petition is timely and whether the claims raised by the petitioner were adjudicated on

the merits in state court; i.e., the petitioner must have exhausted state court remedies and

must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20

(5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

I do not take untimeliness recommendations lightly.  In this case, however, the

record reflects that Minton's petition is horrendously untimely, including two separate

periods of 15 months or more of total inactivity.  I can only conclude, therefore, that this

---

[23]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[24]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Minton's petition was filed by the clerk of court on August 9, 2007.  Minton signed the petition on August 1, 2007.  This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

petition is so time-barred that it is unnecessary to consider the procedural bar from

federal review that also clearly exists.

IV.    STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to file his Section 2254 petition within one year

of the date his conviction became final.[25] Minton suggests that the one-year statute of

limitations in this case should commence upon his discovery of new evidence, i.e.

psychiatric medical records, which form the basis of his post-conviction claims.

However, the record is clear, as found by the state trial court, Minton's mental

competence was <u>not</u> a newly discovered issue and instead was well-known to him and

_____

[25]The statute of limitations provision of the AEDPA provides for other triggers which do not
apply here:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus
    by a person in custody pursuant to the judgment of a State court.  The limitation period
    shall run from the latest of--
        A.    the date on which the judgment became final by the conclusion
              of direct review or the expiration of the time for seeking such
              review;
        B.    the date on which the impediment to filing an application created
              by State action in violation of the Constitution or laws of the
              United States is removed, if the applicant was prevented from
              filing by such State actions;
        C.    the date on which the constitutional right asserted was initially
              recognized by the Supreme Court, if the right has been newly
              recognized by the Supreme Court and made retroactively
              applicable to cases on collateral review;  or
        D.    the date on which the factual predicate of the claim or claims
              presented could have been discovered through the exercise of
              due diligence.
    (2) The time during which a properly filed application for State post-conviction or other
    collateral review with respect to the pertinent judgment or claim is pending shall not be
    counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

his counsel at the time of the entry of his guilty pleas.  Minton has in no way established

an alternative trigger for the start of the AEDPA limitations period.

Minton's conviction became final on November 12, 1999, when he did not appeal

or seek reconsideration of his sentence.  Under a literal application of AEDPA, Minton

had until Sunday, November 12, 2000, or the next business day, Monday, November 13,

2000, to file his federal habeas corpus petition, which he did not do.  His petition must

therefore be dismissed as untimely, unless the one-year statute of limitations period was

interrupted or otherwise tolled in either of the following two ways recognized in the

applicable law.

First, the United States Supreme Court has held that the one-year statute of

limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only

when the petitioner has pursued his rights diligently and rare or extraordinary

circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408,

418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S.

1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v.

Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

Equitable tolling is warranted only in situations in which the petitioner was actively

misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544

U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Minton has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions.  See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

10

limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).  By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  <u>Pace</u>, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is]

11

the end of the matter' for purposes of § 2244(d)(2)");  Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition.  Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

As stated above, Minton's conviction became final on November 12, 1999.  The one-year limitations period began to run on November 13, 1999, and did so without interruption, until November 12, 2000, or the next business day, Monday, November 13, 2000, when it expired.  Minton had no properly filed state post-conviction or other collateral review pending during that time.  The only things he filed during this time period were efforts to obtain copies and transcripts.  The law is clear that these requests do not affect the tolling calculation.  Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes);  Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, 2002 WL 63541 (E.D. La. Jan. 16, 2002); Jones v. Johnson, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson, 185 F. Supp.2d at 751-52 (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

Even beyond this initial period of inactivity when the AEDPA statute of limitations lapsed, the record is clear that another 449-day period, clearly more than one year, elapsed between November 24, 2004, when the Louisiana Supreme Court denied

Minton's first writ application, and February 2, 2006, when he signed an application for post-conviction relief. Minton had no state court filings or other proceedings of any kind during this second, 16-month period of inaction. This subsequent delay alone would establish the rank untimeliness of Minton's federal petition.

Minton's federal petition is deemed filed on August 1, 2007, almost seven years after expiration of the AEDPA filing period on November 13, 2000. His "new evidence" is not new at all. His petition must be dismissed as time-barred.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Brian Minton for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  Douglass v. United

Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __25th__ day of January, 2008.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE